**BELL, BOYD & LLOYD PLLC**

16[illegible] STREET N.W., SUITE 1200
WASHINGTON, D.C. 20036-5610
202.466.6300 FAX 202.463.0678

OFFICES IN WASHINGTON, D.C.
AND CHICAGO

BRIAN COHEN
202.955.6836
bcohen@bellboyd.com
DIRECT FAX: 202.835.4117

February 10, 2005

**VIA FACSIMILE 011-972-3-933-1462**

Administrative Contracting Officer
United States Army Corps of Engineers
Nachshonim Resident Office
Unit 7228, Box 42, APO AE 09830
Attention: Michael A. Roach

Re: Corps of Engineers Letter COE-05-008 dated January 31, 2005

Dear Sir:

This letter is in response to your letter of January 31, 2005 in which you have advised the JV that you will make deductions commencing with the January 2005 performance billing, for liquidated damages. Your letter indicates that deductions will be made for liquidated damages for the previous month less any days of time extensions awarded, on all future invoices. For the reasons set forth below, the JV believes that such action is erroneous, punitive, and constitutes a breach of contract.

First, the recorded minutes of the USACE/JV meeting of November 22, 2004 clearly state that the government would not assess liquidated damages until it had completed its review of all JV claims for time extension. As you know, the Joint Venture has submitted a series of substantial requests for time extension, including 129 days for the erroneous rejection of the paint system, and 103 calendar days for the third country national claim. Further, the DSB certified claim will be submitted in the next week which will include a request for a time extension of 299 days.

To date, the Joint Venture has not received any indication that the government has completed its review of any, much less all, of the JV claims for time extension. Further, the government had no comments or objections to the above-described minutes.

Given the above, the government should comply with its promise, review and analyze all JV claims for time extension and provide a response to the J/V before withholding any liquidated damages. The government's intentions as reflected in its January 31, 2005 letter are unreasonable, contrary to its promise, and an abuse of discretion.

Further, the fact that the Corps made this statement before December 19, 2004 is irrelevant. Since a time extension was granted on 21 January 2005 for an additional 7 days for November and December 2004 weather delays, the Corps obviously knew that it had granted time extensions to December 12, 2004 and made this promise with full knowledge of that fact.

It is therefore irrelevant whether the statement was made in November or after December 19, 2004.

In addition, the fact that the JV has now filed complaints in the Court of Federal Claims also provides the government no basis for reneging on its promise. The matter of liquidated damages is not before the court. Indeed, the assessment of liquidated damages is a government claim which can only be asserted by the issuance of a final decision by the contracting officer. As of this date, neither a withholding nor the issuance of a contracting officer's decision has been made. Therefore, the authority with respect to whether or not to withhold liquidated damages still lies with the Corps of Engineers, not the Department of Justice.

In short, there is no justification for the government to reverse its position, to the considerable detriment of the Joint Venture and withhold liquidated damages in the absence of a full review and analyses of all JV time extension requests, as promised by the government. Any such withholding, is unreasonable, and an abuse of the government's discretion. The unreasonableness of such action is further supported by the fact that the government's decision will cause significant financial difficulty for the Joint Venture. In addition, one of the Joint Venture partners, the Baran Group, whose shares are traded publicly, will have to report the government's withholding to the pertinent Israeli authorities, creating additional adverse financial consequences.

Moreover, pursuant to FAR 52.232-5 the government is currently withholding approximately $1.1 million as retention based upon the government's assertion that the J/V is behind schedule. Therefore, to the extent noted, additional withholding for schedule delay by assessment of liquidated damages, would be duplicative and impermissible.

In addition to the valid time extension requests that have already been submitted, the JV hereby gives notice and reserves its rights to claim for compensable and/or noncompensable time extensions for any and all of the following:

1. Change orders issued after the present contract completion date of December 19, 2004. These change orders were executed by the JV in good faith in reliance upon the government's statement made at the November 22, 2004 meeting.

2. Change orders issued prior to December 19, 2004 that require performance to extend beyond this completion date.

3. The JV will not accept any future change orders without reserving its rights to claim for time extension.

4. Several design and construction issues have not been resolved to date or have only recently been resolved after one to two years of deliberation and negotiation. These include without limitation:

   a. Electro mechanical changes to Buildings 89/03, 10/08, 10/11 and changes to Sewage Pump Station;

b. Perimeter security video monitoring detection system and its interface with other systems;

c. DSB ventilation system changes for 39 DSBs designed for tank storage; and

d. Unavailable rock on site to construct specified rockeries and the resultant effect on completion of site development.

All change orders that require performance subsequent to the contract completion date shall be considered first for compensable time extension, and at a minimum as excusable noncompensable delay relieving the Joint Venture from any potential assessment of liquidated damages.

Further, the J/V submits that its time extension requests are valid and that it is entitled to a substantial time extension. Accordingly, any withholding would be erroneous. Therefore, if the government withholds liquidated damages, the JV will submit an immediate claim demanding payment of the wrongfully withheld sum plus CDA interest.

Finally, the government, having knowledge of the JV's numerous requests for time extension had an obligation to act upon all such requests promptly. FAR 52.249-10 reinforces the existence of this duty. However, the government has not acted upon <u>any</u> of the JV's certified claims for time extension for over six months The JV regards this as a further breach of contract by the government. Moreover, the JV submits that any assessment of liquidated damages combined with the protracted delay in acting upon the JV's requests for a time extension would constitute an acceleration order. As such, the JV expressly reserves its right to submit a claim for constructive acceleration for all provable acceleration costs incurred in response to the government's acceleration order.

For all of the reasons set forth above, the JV urges the government to rescind its ill-founded decision to begin assessing liquidated damages. Under the circumstances, such an action would constitute an additional breach of contract by the government, for which the JV reserves its right to seek all appropriate compensation. The J/V also reserves the right to assert other defenses to any assessment of liquidated damages, included but not limited to contending that the liquidated damages provision constitutes an unenforceable penalty.

Very truly yours,

Brian Cohen

BC:meb

cc: Shalom Brilliant

76885/F/4