**DEPARTMENT OF THE ARMY**
U. S. ARMY CORPS OF ENGINEERS
EUROPE DISTRICT, ISRAEL PROGRAM OFFICE
CENTRAL RESIDENT OFFICE
Unit 7228, Box 42
APO, AE 09830

February 15, 2005

CENAU-IP-C

Subject: Nachshonim Storage Base, Elad, Israel
Contract No. DACA90-01-C-0043,
Bell Boyd & Lloyd letter dated 10 Feb 2005 (COE-05-016)

Mr. S. Denison Keeney – Project Director
ABB Susa/A. Arenson/Baran Group
Post Office Box 37
Rosh HaAyin, Israel 68100

Dear Sir:

Reference is made to the Bell Boyd and Lloyd letter dated 10 February 2005 and apparently sent on behalf of the AAB Joint Venture. First I wish to be clear that it is not my intention in this response to address all of the matters alleged in the referenced letter. The fact that I do not address some points from the Bell Boyd letter should not be misinterpreted as agreement with anything contained in the letter.

The Government has completed its review of the claims for time extensions associated with the TCN and panel coating claims and has determined that no time extension is warranted.

Please note that what the Bell Boyd letter referred to as the "recorded minutes" of the USACE/JV meeting of 22 November 2004 reflect nothing more than the JV's position concerning that meeting and we do not concur in either the minutes or in the characterization in the Bell Boyd letter of statements made at that meeting. The Bell Boyd characterization that the Government promised it would not "assess liquidated damages until it had completed its review of all JV claims for time extension" is a mischaracterization of statements by government personnel at the meeting. The Government clearly stated that it would begin assessing liquidated damages as soon as the contract completion date was reached, as provided in the contract. Government personnel stated that completion of their review of those claims was imminent and further stated that subject to the Government's need to ensure adequate funding would remain to cover liquidated damages until completion and subject to approval of the contracting officer, the Government might briefly defer immediate collection, as opposed to assessment, of liquidated damages until it had completed the review of the TCN and panel coating claims. There was no promise or agreement and nothing that changed the terms of your contract. There was no mention of not assessing liquidated damages until all JV claims for time extension were reviewed.

The fact that the JV may intend to submit additional claims for time extension is not relevant to the assessment and collection of liquidated damages. We will review any claims you submit, but will not defer assessment and collection of liquidated damages pending outcome of our review.

We will continue to act in accordance with our letter of 31 January 2005 and the terms of the contract.

If there are any questions associated with this issue, please contact myself.

Sincerely,

Michael A. Roach, P.E.
Administrative Contracting Officer