IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| A.A.B JOINT VENTURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-466C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, and the order entered in this case on May 16, 2005, defendant respectfully requests the Court to dismiss plaintiff's complaint for lack of jurisdiction. In support of this motion, we rely upon the complaint[1] and the following brief.

DEFENDANT'S BRIEF

Issue Presented

Whether this Court possesses jurisdiction to entertain a suit to compel a contracting officer to issue a decision on a claim within a specified period of time, in the absence of a deemed denial of the claim under 41 U.S.C. §605(c)(5).

Nature Of The Case

This case concerns a contract between the plaintiff, A.A.B. Joint Venture ("AAB") and the United States Army Corps of Engineers ("USACE"), for the design and construction of a storage and logistics base complex for the Israel Defense Forces. AAB alleges that on February 11, 2005, it submitted what it refers to as "its Certified DSB Claim" to the contracting officer,

[1] For the purposes of this motion only, the factual allegations contained in plaintiff's complaint will be treated as true.

seeking $11,239,552 and a 299 calendar day compensable time extension, and requesting a contracting officer's decision. Complaint ¶ 16. AAB further alleges that by letter of March 16, 2005, the contracting officer responded that a final decision on the DSB claim would be issued by September 23, 2005. Complaint ¶¶ 18,40-53. The Contractor alleges that the CO's time frame for issuing a final decision is unreasonable and thus in violation of 41 U.S.C. § 605(c)(3), Complaint ¶ 41, and requests that the Court issue an "Order directing the contracting officer to issue a final decision on the DSB claim on or before June 15, 2005." Complaint, Prayer for Relief.[2]

AAB invokes 28 U.S.C. § 1491 ("The Tucker Act") and the Contract Disputes Act ("CDA"), 41 U.S.C. § 605, as a source of jurisdiction. The CDA, however, is not an independent source of jurisdiction in this Court. It serves as a basis of jurisdiction in this Court only through the Tucker Act, and it does not add to, but rather limits, this Court's jurisdiction to entertain contract claims. Taken together, these statutes empower the Court to render judgment only upon claims that have been presented to the contracting officer, and only after the contracting officer issues a final decision on that claim or fails to issue such a decision within the statutorily prescribed period. See 41 U.S.C. §§605(c)(5), 609(a)(3). Unless the claim has either been the subject of an actual decision or has been deemed denied pursuant to section 609(a)(3), the Court

[2] The Complaint actually does not contain a section designated as a "prayer for relief," but ends, instead with a paragraph entitled "Conclusion," in which the above-quoted relief is requested. This "conclusion" is preceded by a large section entitled "Argument." See Complaint ¶¶ 40-55. In this and other respects, the complaint resembles a brief, and does not comply with the requirement of RCFC 8(a) that the complaint contain "a short and plain statement of the claim . . . ."

lacks jurisdiction to grant any relief concerning the claim, including an order requiring the contracting officer to decide the claim by a certain date

ARGUMENT

The Court of Federal Claims is a court of limited jurisdiction. Overall Roofing & Constr., Inc. v. United States, 929 F.2d 687 (Fed. Cir. 1991); Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (2002); Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd mem., 758 F.2d 655 (Fed. Cir. 1984). Jurisdiction in this Court must be strictly construed, and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Cosmic Construction Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982).[3] "Ambiguities regarding the existence of subject matter jurisdiction must be 'resolved against the assumption of jurisdiction'" Globex Corp. v. United States, 54 Fed. Cl. 343, 347 (2002), quoting Mars Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1373 (Fed. Cir. 1994).

AAB invokes the Tucker Act and 41 U.S.C. § 605(c)(4), as a source of jurisdiction. Complaint ¶ 3. Of these two statutes, however, the only one that grants jurisdiction to this Court is the Tucker Act. Neither section 605(c)(4) nor any other provision in the CDA constitutes an

[3] The court's jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States, through an act of Congress, has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); Soriano v. United States, 352 U.S. 270, 276 (1957); United States v. Sherwood, 312 U.S. 584, 586 (1941). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign," Lane v. Pena, 518 U.S. 187, 192 (1996). Any waiver of sovereign immunity, or consent to be sued, must be unequivocally expressed and cannot be implied. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). "In construing a statute waiving sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

independent grant of jurisdiction or expands the jurisdiction conferred by the Tucker Act. The CDA serves as a basis of jurisdiction only through the Tucker Act.[4]

As the United States Court of Appeals for the Federal Circuit has observed, "[t]he Tucker Act defines the jurisdiction of the Court of Federal Claims with respect to disputes arising under the Contract Disputes Act," Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1264 (Fed. Cir. 1999), and "gives the Court of Federal Claims jurisdiction over CDA claims only when "a decision of the contracting officer has been issued under section 6 of [the CDA]." 178 F.3d at 1267, quoting 28 U.S.C. § 1491(a)(2). The Tucker Act vests jurisdiction in this Court "to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978 . . . , on which a decision of the contracting officer has been issued under section 6 of that Act." 28 U.S.C. § 1491(a)(2) (emphasis added). Section 10(a)(1) of the CDA is codified at 41 U.S.C. § 609(a)(1), and provides that a contractor may bring an action directly in this Court "in lieu of appealing the decision of the contracting

---

[4] Indeed, the CDA limits the Court's jurisdiction under that Act. As this Court has observed:

> Section 1491(a)(1), the last sentence of § 1491(a)(2), and the CDA reasonably can be read together, as providing that a contract claim subject to the CDA cannot be heard in this court unless it is both a cognizable claim under the Tucker Act and brought by a contractor who has met the exhaustion and other procedural requirements of the CDA. Thus, the CDA substantially restricted this court's jurisdiction over the category of contract cases to which the CDA applies, because in addition to meeting this court's Tucker Act jurisdictional limitations, a plaintiff with such a claim must also clear the jurisdictional hurdles of the CDA, such as certification.

Corporate Air v. United States, 26 Cl. Ct. 204, 207 (1992) (emphasis in original; footnote omitted).

officer under section 605 " – i.e., section 609(a)(1) authorizes direct actions in this Court to challenge contracting officers' decisions.

Section 605(c)(5) extends this authority to "deemed" decisions, by providing: "Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter." (Emphasis added.) The "period required" is prescribed by section 605(c), which states, in subsection (2): "A contracting officer shall, within sixty days of receipt of a submitted certified claim over $100,000–(A) issue a decision; or (B) notify the contractor of the time within which a decision will be issued." (The claim alleged here is a certified claim over $100,000. Complaint ¶ 16.) Absent the issuance of an actual decision by the contracting officer, or a "deemed denial" under 41 U.S.C. § 605(c)(5), a claim or dispute cannot be characterized as one "arising under section 10(a)(1) of the [CDA]" or as one "on which a decision of the contracting officer has been issued." Such a dispute, therefore, does not fall within the jurisdiction conferred by the Tucker Act to entertain disputes under the CDA.

Once the Court possesses jurisdiction over a claim based upon a "deemed denial" of that claim, the Court "may . . . stay the proceedings to obtain a decision on the claim by the contracting officer," 41 U.S.C. § 605(c)(5), and may also order the issuance of a decision by a specified date pursuant to 41 U.S.C. § 605(c)(4), which states: "A contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer."

This Court has ordered the issuance of a contracting officer's decision pursuant to section 605(c)(4) in cases where there was a deemed denial upon which to predicate jurisdiction, i.e., where the contracting officer had either failed to issue a decision within 60 days in accordance with section 605(c)(2)(A), or failed within 60 days to "notify the contractor of the time within which a decision will be issued" in accordance with section 605(c)(2)(B), or failed to issue a decision within the time specified in such a notification. See, e.g., Sparks v. United States, 36 Fed. Cl. 488, 492-93 (1996) (order pursuant to section 605(c)(4) issued upon express finding of a deemed denial "[b]ecause the contracting officer failed to issue or give a date certain for a decision on plaintiff's claim within sixty days after receipt thereof"); "Alaska Pulp Corporation v. United States, 34 Fed. Cl. 100, 104 (1995 ) (contracting officer had advised contractor that "it might not issue a final decision" concerning December 24, 1994 claim "until June 16, 1995," id. at 102, and then "[t]his deadline . . . passed," id. at 104); Wallace O'Connor Int'l, Ltd. v. United States, 23 Cl. Ct. 754, 758 (1991) (contracting officer ordered to issue decision after finding of deemed denial).[5]

However, neither the Tucker Act nor the CDA authorizes this Court to entertain an action to compel the issuance of a decision by the contracting officer where there has been neither an

[5] In its complaint, AAB cites board of contract appeals decisions in which orders pursuant to section 605(c)(4) were issued despite the absence of an actual or deemed decision by the contracting officer. The jurisdiction of the boards of contract appeals, however, derives not from the Tucker Act but from 41 U.S.C. § 607(d). Cf. Overall Roofing, 929 F.2d at 689 ("But Malone was about cases before the boards of contract appeals under a different jurisdictional provision, 41 U.S.C. § 607(d) (1988), from the one covering the Claims Court. Its jurisdiction is circumscribed by the Tucker Act as historically defined; the jurisdiction of the boards, of course, is not.") Further, in the referenced board decisions, the board appears to have simply assumed, without analysis, that section 605(c)(4) alone was a sufficient jurisdictional basis upon which to grant the relief sought.

actual decision on a claim nor a deemed denial of a claim. Here, there is no allegation of either an actual or deemed decision of a claim. AAB alleges that it submitted a certified claim in excess of $11 million, Complaint ¶ 16, and that the contracting officer, less than 60 days thereafter, informed AAB that a decision would be issued by September 23, 2005. Complaint ¶ 18. This action, therefore, does not concern a dispute "on which a decision of the contracting officer has been issued under section 6 of [the CDA]." 28 U.S.C. § 1491(a)(2). Therefore, it is not within the jurisdiction of this Court.

## CONCLUSION

For the foregoing reasons, A.A.B's complaint should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

July 13, 2005